**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CLINTON S. COOK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00631 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPERINTENDANT CORBIN, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Clinton S. Cook, Pro Se Plaintiff.*

The plaintiff, Clinton S. Cook, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, concerning a local jail officer who stated a racial slur in Cook's presence. After review of the allegations, I will summarily dismiss this action as frivolous.

Cook alleges that on September 28, 2022, while he was confined at the Northwestern Regional Jail (NWRJ) in Winchester, he overheard Officer Landis say to his correctional trainee, Ms. Smith, "Cook f***ing porch monkey." Compl. 2, ECF No. 1. When Cook confronted Landis about using the racial slur "porch monkey," Landis laughed and said he was talking about another officer's inappropriate word choice during a past incident. Cook filed a grievance against Landis. In response, a sergeant explained,

> Officer Landis, during his professional duties as a field training officer, was explaining to Trainee Smith the importance of professionalism, respect, and the importance of interpersonal communication skills, during which time he was recalling, and telling Officer Smith of incidents in the past. These incidents involved officers who could have used better judgments and choices of words. An incident that [Cook was] involved in was the topic of the discussion. Officer Landis was simply using this incident as a teaching opportunity. At no time was any word meant or used with malice intent.

Compl. Attach. 2, ECF No. 1-2. Cook brings his § 1983 action against Landis, the NWRJ, and its superintendent, seeking monetary damages for race discrimination.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A claim may be dismissed as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (applying earlier version of 28 U.S.C. § 1915(d) regarding dismissal of claim as frivolous). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

As an initial matter, Cook cannot sue the NWRJ under § 1983. A jail facility itself cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Cook also states no claim against the superintendent, because he does not state facts showing that this

individual knew of or was personally involved in the alleged constitutional violation by Landis. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alteration omitted).

In any event, the incident that Cook describes does not implicate any constitutionally protected right. Words alone, including inappropriate verbal comments by prison personnel, without more, do not state any constitutional claim. *Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999). While I understand Cook's reaction, Landis's mere use of that term did not violate Cook's constitutionally protected rights.

For the stated reasons, I will summarily dismiss the action under 42 U.S.C. § 1997e(c)(1) as frivolous.

An appropriate Order will enter this day.

DATED:   February 1, 2023

/s/  JAMES P. JONES
Senior United States District Judge